**FILED**

UNITED STATES DISTRICT COURT .N
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN **2 3** 2009
23
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES OF AMERICA    )
                            )    No.    09 CR 290
                            )
·v,                         )              **JUDGE GETTLEMAN**
                            )
                            )    Violations: Title 18, United States Code,
DAVID YEN LEE               )    Section 1832(a)(3)
                            )

**COUNT ONE**    MAGISTRATE JUDGE SCHENKIER

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Valspar Corporation ("Valspar") was an international company

with offices located in Wheeling, Illinois and elsewhere that manufactured and sold paint and

coating products in the United States and internationally.

    b.    Huarun Limited ("Huarun") was a Valspar subsidiary located in

the People's Republic of China ("PRC").

    c.    Nippon Paint was an international company with offices located

in Shanghai, PRC that manufactured and sold paint and coating products in the United States

and internationally. Nippon Paint had subsidiaries (hereinafter referred to collectively as

"Nippon Paint") and maintained offices located in Asia and the United States.

    d.    Defendant DAVID YEN LEE ("LEE") worked for Valspar as

a Technical Director beginning in or about 2006. In connection with his employment with

Valspar and duties at Huarun, LEE received instruction regarding the protection of proprietary information belonging to Valspar.

e. From in or about September 2008 until in or about February 2009, defendant LEE discussed, negotiated, and accepted employment with Nippon Paint, where he was to work on developing paint products and technologies. Lee's employment at Nippon Paint was scheduled to begin on or about April 1, 2009 in Shanghai, PRC.

f. Beginning no later than November 2008 until in or about March 2009, defendant Lee downloaded technical documents and materials, including trade secrets, belonging to Valspar from Valspar's secure internal computer network, and removed numerous documents and other materials from the offices of Valspar.

g. On or about February 27, 2009, LEE accepted employment with Nippon Paint.

h. On or about March 9, 2009, defendant LEE purchased a ticket to Shanghai, PRC for a flight scheduled to leave on March 27, 2009.

i. On or about March 11, 2009, defendant LEE transferred Valspar and Huarun documents and materials, including product data, to an external thumb drive.

j. On or about March 16, 2009, defendant LEE informed Valspar that he was resigning his employment.

k. On or about March 25, 2009, defendant LEE transferred Valspar documents, including trade secrets, to an external thumb drive.

2

2.     On or about March 26, 2009, at Arlington Heights, in the Northern District of Illinois, and elsewhere,

## DAVID YEN LEE,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Valspar, namely, a proprietary document containing a master paint formula entitled "Batch Ticket" with a creation date "4/23/2008," such trade secrets being related to or included in products produced for and placed in interstate and foreign commerce, intending and knowing that the offense would injure Valspar, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.    The Grand Jury realleges paragraph 1 of Count One as though fully set forth herein.

2.    On or about March 26, 2009, at Arlington Heights, in the Northern District of Illinois, and elsewhere,

### DAVID YEN LEE,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Valspar, namely, a proprietary document containing a master paint formula entitled "Batch Ticket" with a creation date "5/23/2008," such trade secrets being related to or included in products produced for and placed in interstate and foreign commerce, intending and knowing that the offense would injure Valspar, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

4

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.     The Grand Jury realleges paragraph 1 of Count One as though fully set forth herein.

2.     On or about March 26, 2009, at Arlington Heights, in the Northern District of Illinois, and elsewhere,

### DAVID YEN LEE,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Valspar, namely, a proprietary document containing a master paint formula entitled "Batch Ticket" with a creation date "10/12/2006," such trade secrets being related to or included in products produced for and placed in interstate and foreign commerce, intending and knowing that the offense would injure Valspar, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

5

## COUNT FOUR

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.     The Grand Jury realleges paragraph 1 of Count One as though fully set forth herein.

2.     On or about March 26, 2009, at Arlington Heights, in the Northern District of Illinois, and elsewhere,

### DAVID YEN LEE,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Valspar, namely, a proprietary document containing a master paint formula entitled "Batch Ticket" with a creation date "10/29/2008," such trade secrets being related to or included in products produced for and placed in interstate and foreign commerce, intending and knowing that the offense would injure Valspar, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

6

## COUNT FIVE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.     The Grand Jury realleges paragraph 1 of Count One as though fully set forth herein.

2.     On or about March 26, 2009, at Arlington Heights, in the Northern District of Illinois, and elsewhere,

### DAVID YEN LEE,

defendant herein, with intent to convert a trade secret to the economic benefit of someone other than the owner thereof, knowingly and without authorization did possess one or more trade secrets belonging to Valspar, namely, a proprietary document containing a master paint formula entitled "Batch Ticket" with a creation date "4/20/2006," such trade secrets being related to or included in products produced for and placed in interstate and foreign commerce, intending and knowing that the offense would injure Valspar, and knowing that the proprietary information was stolen, appropriated, obtained and converted without authorization;

In violation of Title 18, United States Code, Section 1832(a)(3).

## FORFEITURE ALLEGATIONS

The SPECIAL FEBRUARY 2008-1 GRAND JURY further alleges:

1.    As a result of the violation of Title 18, United States Code, Sections 1832(a)(3), as alleged in the foregoing Indictment,

### DAVID YEN LEE,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1834, any and all property constituting, and derived from, any proceeds the defendants obtained, directly and indirectly, as a result of the violations; and (2) any and all of property used, and intended to be used, in any manner or part, to commit and facilitate the commission of the violations, including the following:

  a.    Corsair Flash Voyager Thumb Drive, Model: G16G 1P41V9706, Lot Numbers: FG28C0356 and 08506035-0, with no discernable serial number;

  b.    Celanese Emulsion Polymers Thumb Drive with no discernable model number or serial number;

2.    If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1834, as a result of any act or omission of the defendant:

  a.    cannot be located upon the exercise of due diligence;

  b.    has been transferred to, sold to, or deposited with a third person;

  c.    has been placed beyond the jurisdiction of the Court;

  d.    has been substantially diminished in value;

8

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to the defendant under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1834(b).

All pursuant to Title 18, United States Code, Section 1834.

A TRUE BILL:

_____
FOREPERSON


_____
UNITED STATES ATTORNEY

9