

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 09 CR 290 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| DAVID YEN LEE ) | |

### PROTECTIVE ORDER FOR DISCOVERY MATERIALS
### OF THE VALSPAR CORPORATION

**WHEREAS** the parties to this agreement are the defendant and The Valspar Corporation ("Valspar"), and the United States is not a party to this agreement;

**WHEREAS** the defendant has served a subpoena for Documents upon Valspar;

**WHEREAS** Valspar is willing to produce documents subject to a suitable Protective Order;

**WHEREAS** the defendant is willing to receive and handle documents from Valspar pursuant to this Protective Order;

**IT IS HEREBY ORDERED:**

1. Certain discovery materials produced in preparation for, or in connection with, any stage of the proceedings in this case may be labeled by Valspar as "Confidential." Valspar and the defendant contemplate that Valspar may designate as Confidential items that it believes require special protection.

2. In the event of a dispute regarding the designation of specific discovery materials as Confidential, the defendant shall confer with Valspar in an attempt to resolve the dispute. In the event the defendant and Valspar are unable to resolve the dispute, either the defendant or Valspar may file a motion under seal regarding the disputed designation.

3. Defendant David Yen Lee is not permitted at any time to take or possess Confidential discovery material or copies of Confidential discovery materials outside his defense counsel's law firm offices (which may include offices located other than in Chicago, Illinois). Defendant David Yen Lee is permitted to review the Confidential discovery materials only in his defense counsel's law firm offices accompanied by defense counsel.

4. Confidential discovery materials may not be disseminated or shown to any individuals, organizations or other entities, other than: (1) the defendant under the conditions set forth in paragraph 3; (2) members of the defense team (attorneys, paralegals, and law firm staff); and (3) testifying or non-testifying translators and experts retained to assist in the preparation of the defense. All of the persons described in this paragraph shall not have access to the Confidential discovery until they have (a) been provided with a copy of this Order; and (b) certified that they have read, understand, and agree to the terms of this Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order, by signing a copy of the attached "Memorandum of Understanding of Protective Order in United States v. David Yen Lee, No. 09 CR 290" (hereinafter "Memorandum"). Once a person has executed a Memorandum, it shall not be necessary for that person to sign a separate Memorandum each time that person is subsequently given access to Confidential discovery.

5. The defense team and defendant may not employ an expert who works as a consultant, employee, officer, owner, or agent of a competitor to Valspar or its subsidiaries, or other related entities, without prior notice to Valspar and an opportunity for Valspar to object.

6. Any copies and reproductions of Confidential discovery material provided or shown to persons identified in this Order (with the exception of defendant David Yen Lee) shall

be treated in the same manner as the original matter and maintained in reasonably secure conditions.

7. If defense counsel wishes to show any document labeled Confidential to a witness or potential witness other than those persons already identified in this Order, they shall first provide the witness or potential witness with a copy of this Order and have the witness or potential witness certify that he or she has read, understood, and agreed to the terms of this Order, and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order, by signing a copy of the attached Memorandum. Under no circumstance shall defendant or defense counsel show any formula of Valspar to any person who works as an officer, owner, or agent of a competitor to Valspar without first providing notice to Valspar and an opportunity for Valspar to object

8. All discovery materials are to be provided to the defense and used by the defense solely for the purpose of allowing the defendant to prepare his defense.

9. None of the Confidential discovery materials produced by Valspar to the defense shall be provided to the media by either party. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

10. Any papers to be served upon the Court which either: (i) include copies of Confidential discovery materials, or (ii) refer to the contents of Confidential discovery materials, shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall either: (i) file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be

made public, and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. That party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court, or (ii) await two full business days from hand service upon the Court's Chambers and the other parties (or five full business days following service by mail) before publicly filing (or otherwise disseminating) the papers, in order to allow the other parties the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

11.     Nothing in this Order shall preclude the defendant or Valspar from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery.

12.     Nothing in this Order shall preclude the defendant from moving to dissolve the Protective Order in its entirety, as to any category of documents, or as to any particular document.

13.     Upon conclusion of the trial, appeal, and/or any post-conviction proceedings, or upon the earlier resolution of charges against the defendant, all discovery materials and copies made thereof shall be returned to Valspar or destroyed, unless otherwise ordered by the Court. All copies withheld by the defense must be done through an express order of this Court and shall

be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to Valspar or destroyed.

14. This Order may be amended at any time by agreement of Valspar and the defendant and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by Valspar and the defendant to be valid. If either Valspar or the defendant wishes to amend the Protective Order, and an agreement cannot be reached by Valspar and the defendant, then the party may raise the issue by motion to the court, which may amend the Protective Order as it sees fit.

SO AGREED:

_____
Andrew Ubel
Chief Intellectual Property Counsel
The Valspar Corporation
P.O. Box 1461
901 3rd Avenue South
Minneapolis, MN 55440

_____
Daniel D. Rubinstein
Greenberg Traurig, LLP
77 W. Wacker Dr.
Suite 3100
Chicago, IL 60601

SO ORDERED on this 9th day of OCTOBER 2009.

_____
United States District Court Judge

## MEMORANDUM OF UNDERSTANDING OF PROTECTIVE ORDER
## IN UNITED STATES v. DAVID YEN LEE, No. 09 CR 290

1. I understand that I may be the recipient of documents or shown documents that contain information that The Valspar Corporation ("Valspar") has designated Confidential.

2. I understand and agree that I shall never divulge, publish or reveal, by word, conduct or other means, such restricted documents, or the information contained therein, unless specifically authorized in writing to do so by an authorized representative of Valspar, or as otherwise ordered by the Court.

3. I understand and agree that "Confidential" discovery may not be released to or discussed with any person other than those individuals identified in the Protective Order in this case that have completed and signed a Memorandum of Understanding of Protective Order in United States v. David Yen Lee, No. 09 CR 290.

4. I understand and agree that this agreement will remain binding upon me after the conclusion of the proceedings in United States v. David Yen Lee, No. 09 CR 290, and any subsequent related proceedings.

5. I agree that I do not work as a consultant, employee, officer, owner, or agent of a competitor to Valspar or its subsidiaries or related entities.

1

6.       I have received, read, understood and agree to the terms of the Protective Order entered by the United States District Court for the Northern District of Illinois in the above case, and hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purposes of enforcement of the terms of the Protective and the punishment of any violations thereof.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Executed this _____ day of _____ at _____.


_____                    _____
Printed Name                                   Signature

2