MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 09 CR 290 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| DAVID YEN LEE | ) | |

PROTECTIVE ORDER

WHEREAS the defendant has rights under the United States Constitution, federal statutes and the Federal Rules of Criminal Procedure to pre-trial discovery;

WHEREAS defendant's preparation of his defense will be facilitated by the most expeditious production of discovery materials;

WHEREAS the Government recognizes its obligation to provide such discovery materials to defendant in the most expeditious manner possible, consistent with the confidentiality interests of Valspar Corporation and other entities in their trade secrets and other sensitive information;

WHEREAS production of discovery materials, which in this case involves, among other items, paper, electronic, and graphic materials of a sensitive nature, would be substantially delayed if the Government were compelled to seek a protective order modifying, withholding or delaying production of each particular item of discovery material, as the Government would be required to do absent a generally applicable protective order restricting further dissemination of discovery materials by the defense;

IT IS HEREBY ORDERED:

1.  Certain discovery materials produced in preparation for, or in connection with, any stage of the proceedings in this case may be labeled "Confidential." The parties contemplate that the government may designate as Confidential items that it believes require special

protection.

2. In the event of a dispute regarding the designation of specific discovery materials as Confidential, the parties shall confer in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, either party may file a motion under seal regarding the disputed designation.

3. Defendant David Yen Lee is not permitted at any time to take or possess Confidential discovery material or copies of Confidential discovery material outside his defense counsel's law firm offices (which may include offices located other than in Chicago, Illinois). Defendant David Yen Lee is permitted to review the Confidential discovery materials only in his defense counsel's law firm offices accompanied by defense counsel.

4. Confidential discovery materials may not be disseminated or shown to any individuals, organizations or other entities, other than: (1) the defendant under the conditions set forth in paragraph 3; (2) members of the defense team (attorneys, paralegals, and law firm staff); and (3) testifying or non-testifying translators and experts retained to assist in the preparation of the defense. All of the persons described in this paragraph shall not have access to the Confidential discovery until they have (a) been provided with a copy of this Order; and (b) certified that they have read, understand, and agree to the terms of this Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order, by signing a copy of the attached "Memorandum of Understanding of Protective Order in United States v. David Yen Lee, No. 09 CR 290" (hereinafter "Memorandum"). Once a person has executed a Memorandum, it shall not be necessary for that person to sign a separate

Memorandum each time that person is subsequently given access to Confidential discovery. Each signed Memorandum shall be securely maintained by defense counsel.

5. The defense team and defendant may not employ an expert who works as a consultant, employee, officer, owner, or agent of a competitor to Valspar Corporation, Evonik-Degussa, Parelec, Dow Chemicals, or any of their subsidiaries, or other related entities without prior notice to the government and an opportunity for the government to object.

6. Any copies and reproductions of Confidential discovery material provided or shown to persons identified in this Order (with the exception of defendant David Yen Lee) shall be treated in the same manner as the original matter and maintained in reasonably secure conditions.

7. If defense counsel wishes to show any document labeled Confidential to a witness or potential witness other than those persons already identified in this Order, they shall first provide the witness or potential witness with a copy of this Order and have the witness or potential witness certify that he or she has read, understood, and agreed to the terms of this Order, and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order, by signing a copy of the attached Memorandum.

8. All discovery materials are to be provided to the defense and used by the defense solely for the purpose of allowing the defendant to prepare his defense.

9. None of the Confidential discovery materials produced by the Government to the defense shall be provided to the media by either party. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial

or other proceeding.

10. Any papers to be served upon the Court by either party which either: (i) include copies of Confidential discovery materials, or (ii) refer to the contents of Confidential discovery materials, shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall either: (i) file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public, and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. That party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court, or (ii) await two full business days from hand service upon the Court's Chambers and the other parties (or five full business days following service by mail) before publicly filing (or otherwise disseminating) the papers, in order to allow the other parties the opportunity to apply for a protective order (or to apply for the sealing of such papers in whole or in part) if deemed necessary. In either event, if the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

11. Nothing in this Order shall preclude either party from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery.

12. Nothing in this Order shall preclude the defendant from moving to dissolve the

Protective Order in its entirety, as to any category of documents, or as to any particular document.

13. Upon conclusion of the trial, appeal, and/or any post-conviction proceedings, or upon the earlier resolution of charges against the defendant, all discovery materials and copies made thereof shall be returned to the United States or destroyed, unless otherwise ordered by the Court. All copies withheld by the defense must be done through an express order of this Court and shall be preserved only so long as is necessary for further proceedings related to this case, after which they shall be returned to the United States or destroyed.

14. This Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend the Protective order as it sees fit.

Entered this 1st day of Dec ~~November~~, 2009

*Robert W. Gettleman*

Judge Robert W. Gettleman

# MEMORANDUM OF UNDERSTANDING OF PROTECTIVE ORDER
# IN UNITED STATES v. DAVID YEN LEE, No. 09 CR 290

1. I understand that I may be the recipient of documents or shown documents that contain information that the government has designated to be Confidential.

2. I understand and agree that I shall never divulge, publish or reveal, by word, conduct or other means, such restricted documents, or the information contained therein, unless specifically authorized in writing to do so by an authorized representative of the United States government, or as otherwise ordered by the Court.

3. I understand and agree that "Confidential" discovery may not be released to or discussed with any person other than those individuals identified in the Protective Order in this case that have completed and signed a Memorandum of Understanding of Protective Order in United States v. David Yen Lee, No. 09 CR 290.

4. I understand and agree that this agreement will remain binding upon me after the conclusion of the proceedings in United States v. David Yen Lee, No. 09 CR 290, and any subsequent related proceedings.

5. I agree that I do not work as a consultant, employee, officer, owner, or agent of a competitor to Valspar Corporation, Evonik-Degussa, Parelec, Dow Chemicals, or any of their subsidiaries, or related entities.

6. I have received, read, understood and agree to the terms of the Protective Order entered by the United States District Court for the Northern District of Illinois in the above case, and hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purposes of enforcement of the terms of the Protective and the punishment of any violations thereof.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct.

Executed this \_\_\_\_ day of _____ at _____ .


_____  _____
Printed Name                                                         Signature